THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MACHINE GUN ARMORY, LLC d/b/a/ U.S. MACHINE GUN ARMORY,<br><br>Plaintiff,<br><br>v.<br><br>THE CINCINNATI INSURANCE COMPANY; THE CINCINNATI CASULATY COMPANY; THE CINCINNATI INDEMNITY COMPANY; THE CINCINNATI UNDERWRITERS INSURANCE COMPANY; THE CINCINNATI INSURANCE COMPANIES; and ALLEN JAMES SCOBEE,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [9] PLAINTIFF'S MOTION FOR REMAND, DENYING [5] DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:23-cv-00666-DBB-JCB<br><br>District Judge David Barlow |

In this case, Plaintiff Machine Gun Armory ("MGA") alleges that Defendant Cincinnati Insurance Company and its affiliates (collectively "CIC") breached a contract providing insurance coverage and breached the implied covenant of good faith and fair dealing when CIC denied coverage for an alleged theft of business inventory suffered by MGA.[1] Plaintiff further alleges that Defendant Allen Scobee ("Mr. Scobee") breached his "personal tort duties" to MGA.[2] On September 25, this case was removed from Utah state court.[3] Thereafter, Defendants

---

[1] *See* Compl. ¶¶ 4–19, 28–43, ECF No. 1-1.
[2] *Id.* ¶¶ 41–42.
[3] *See* Notice of Removal, ECF No. 1.

1

moved to dismiss Mr. Scobee,[4] and MGA moved to remand this case to state court.[5] For the following reasons, the court denies Defendants' motion and grants MGA's motion.

## BACKGROUND

MGA is a Utah limited liability company with its principal place of business in Utah.[6] CIC is incorporated in Ohio and has its principal place of business in Ohio.[7] Mr. Scobee is domiciled in Utah.[8]

MGA is "in the business of designing, manufacturing, purchasing, assembling, and marketing firearms[.]"[9] MGA contracted with CIC for insurance coverage for its business.[10] In relevant part, the parties' insurance contract provided coverage for "Business Personal Property" to a limit of $667,716 and "Business Income [with] Extra Expense" to a limit of the actual loss sustained.[11] Sometime in July 2020, MGA suffered a theft of a significant amount of inventory and sought benefits under its insurance policy with CIC.[12] Mr. Scobee was assigned as MGA's insurance adjustor.[13]

MGA alleges liability against Mr. Scobee in its "Third Cause of Action."[14] This claim does not specify a legal theory under which MGA seeks to proceed against Mr. Scobee. The "Third Cause of Action" alleges that "Defendant Scobee assumed the non-delegable duties of

---

[4] *See* Mot. to Dismiss Non-Diverse Parties ("Defs.' Mot."), ECF No. 5.
[5] *See* Pl.'s Mot. for Remand ("Pl.'s Mot."), ECF No. 9.
[6] Compl. ¶ 1.
[7] *See* Notice of Removal ¶¶ 12–17.
[8] *See* Compl. ¶ 3; Notice of Removal ¶ 18.
[9] Compl. ¶ 4.
[10] *Id.* ¶ 5; *see also* Insurance Contract, ECF No. 1-1.
[11] *See* Insurance Contract ¶¶ A.1.d., A.5.b.
[12] Compl. ¶¶ 6–7.
[13] *Id.* ¶ 8.
[14] *See* Compl. ¶¶ 39–43.

2

CIC" including its "duty of good faith and fair dealing."[15] However, it also alleges that "Defendant Scobee had personal tort duties owed to Plaintiff, including duties to be forthright and honest under the circumstances."[16] The Complaint then alleges that "Defendant Scobee violated the assumed duties of CIC as well as his personal legal duties to Plaintiff. Such intentional and improper conduct caused substantial harm to Plaintiff by preventing and interfering with Plaintiff's ability to recover the benefits under the CIC Policy[.]"[17] The specific facts alleged against Mr. Scobee are that he "intentionally or recklessly misled" MGA by incorrectly informing MGA that it must limit its claim to "Business Personal Property," rather than including a claim for "Business Income."[18]

On September 25, 2023, Defendants removed this case from state court, asserting diversity jurisdiction.[19] Concurrently, Defendants moved to dismiss Mr. Scobee, asserting that he was improperly joined to the action in an effort to prevent federal jurisdiction.[20] Plaintiff moved to remand, arguing that removal was improper.[21] As of November 8, 2023, both motions were fully briefed.[22]

---

[15] Compl. ¶ 41.
[16] Id.
[17] Id. ¶ 42.
[18] Id. ¶¶ 8–9.
[19] See Notice of Removal ¶¶ 9, 19–21.
[20] See Def.'s Mot. 3–5.
[21] See Pl.'s Mot. 4–6.
[22] See Pl.'s Opp'n to Defs.' Mot. to Dismiss Non-Diverse Parties ("Pl.'s Opp'n"), ECF No. 8; Defs.' Reply Mem. in Support of Mot. to Dismiss Non-Diverse Parties ("Defs.' Reply"), ECF No. 13; Defs.' Mem. in Opp'n to Pl.'s Mot. for Remand ("Defs.' Opp'n"), ECF No. 14; Pl.'s Reply Mem. in Support of Mot. to Remand ("Pl.'s Reply"), ECF No. 17.

**STANDARD**

"Federal courts are courts of limited jurisdiction."[23] "If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence."[24] Typically, when evaluating diversity jurisdiction, "courts must look to the face of the complaint, ignoring mere conclusory allegations of jurisdiction."[25] But "upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."[26] However, "[t]he defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff."[27]

**DISCUSSION**

28 U.S.C. § 1441 permits removal from state court only if the district court has original jurisdiction over the suit.[28] The asserted basis for removal here is the court's diversity jurisdiction.[29] Diversity jurisdiction exists when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.[30] However, 28 U.S.C. § 1441 states that "[a] civil action otherwise removable solely on the basis of [diversity

---

[23] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
[24] *Karnes v. Boeing Co.*, 335 F.3d 1189, 1193 (10th Cir. 2003) (holding a defendant failed to meet its burden in establishing federal jurisdiction when the defendant removed to federal court).
[25] *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted).
[26] *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).
[27] *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Pamphillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1988)).
[28] 28 U.S.C. § 1441(a).
[29] *See* Notice of Removal ¶¶ 9, 19–21.
[30] *Id.* § 1332.

jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[31]

Fraudulent joinder is an exception to the requirement that there be complete diversity of the parties before removal.[32] It permits a court to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."[33] "To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[34] Again, "[t]he defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff."[35]

Defendants argue only that the second prong—inability to establish a cause of action—is satisfied here,[36] though the parties disagree as to what claims MGA alleged against Mr. Scobee. Defendants argue that MGA cannot state a claim for breach of contract or breach of the implied covenant of good faith and fair dealing against Mr. Scobee.[37] MGA asserts that it "clearly" brought a claim against Mr. Scobee for tortious interference with a contract, and that it

---

[31] *Id.* § 1441(b)(2). While the Tenth Circuit has not expressly ruled whether the forum-defendant rule applies to defeat claims of fraudulent joinder, its opinion in *Dutcher* suggests it does not. *See Dutcher*, 733 F.3d at 983, 987–89 (not mentioning the forum-defendant rule when a case involving forum defendants was removed to federal court under the guise of fraudulent joinder).
[32] *See Dutcher*, 733 F.3d at 987–88.
[33] *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (quoting *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009)).
[34] *Dutcher*, 733 F.3d at 987–88 (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)) (alteration in original).
[35] *Id.* at 988 (10th Cir. 2013) (quoting *Pamphillonia*, 138 F.3d at 461).
[36] Defs.' Mot. 4–5.
[37] *Id.* at 4–5.

adequately alleged that claim.[38] The court concludes that Defendants have not carried their burden.

In their motion, Defendants briefly argue that Mr. Scobee is not a party to the insurance contract, and therefore, that he cannot be found liable either for breach of contract or breach of the implied covenant of good faith and fair dealing.[39] And in reply to MGA's assertion that it pled a tortious interference claim, Defendants argue only that by failing to title its third claim, MGA failed to comply with federal pleading standards.[40]

First, the court is not persuaded that the second prong of the fraudulent joinder inquiry merely duplicates the standard applied to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[41] For starters, the Tenth Circuit has characterized the question as whether the plaintiff would be *unable* to *establish* the claim in *state court*.[42] This suggests that the issue is not one of federal procedural law. In addition, the Tenth Circuit, in an unpublished opinion, has suggested that the standard "is more exacting than for dismissing a claim under" Rule 12(b)(6).[43] Other circuits have applied elevated standards, even after *Twombly* and *Iqbal*.[44]

---

[38] Pl.'s Opp'n 5–7.
[39] *See* Def.'s Mot. 4–5.
[40] *See* Def.'s Reply 5–11; *see also* Def.'s Opp'n 1–3.
[41] *See* Defs.' Reply 7; Defs.' Opp'n 2.
[42] *Dutcher*, 733 F.3d at 988.
[43] *Montano v. Allstate Indemnity*, 211 F.3d 1278, 2000 WL 525592, at *2 (10th Cir. 2000) (table).
[44] *See Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (suggesting fraudulent joinder occurs only when "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant" or when there is no "possibility" a state court would hear the claim (quoting *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006))); *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 705 (4th Cir. 2015) ("The removing party must show . . . that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999))); *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) ("To establish fraudulent joinder, 'the removing party has the burden of proving . . . that . . . there is no possibility the plaintiff can establish a cause of action against the resident defendant.' . . . This standard differs from the standard applicable to a 12(b)(6) motion to dismiss." (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997))).

So although MGA's failure to specify a theory for its "Third Cause of Action" might be problematic under federal pleading requirements, that is immaterial to the inquiry at issue here.

Second, while the allegations of the Complaint are not clear, the court finds that some of them may sound in tort rather than contract. Specifically, the Complaint focuses on Mr. Scobee's "intentional" misrepresentations.[45] And contrary to Defendants' argument, allegations of intentional misrepresentations generally sound in tort, rather than contract. But rather than engage with MGA's assertion that it pleaded a claim for tortious interference by analyzing whether MGA would be able to establish such a claim, Defendants focused only on pleading standards. The elements of tortious interference under Utah law—which Defendants do not reference much less discuss—are: (1) intentional interference with existing or potential economic relations, (2) by improper means, (3) which causes injury to the plaintiff.[46] Improper means include acts of interference contrary to "statutory, regulatory, or common law."[47] The court cannot say with confidence that MGA would be "unable" to establish a tortious interference claim against Mr. Scobee, based on the allegations of intentional misrepresentations that deprived MGA of the full benefit of its contract.[48] And by failing to make any argument on the facts alleged and the elements of tortious interference under Utah law, Defendants have not carried their "heavy burden" in establishing fraudulent joinder.

---

[45] *See* Compl. ¶¶ 8–9, 42.
[46] *Harvey v. Ute Indian Tribe of Uintah & Ouray Rsrv.*, 2017 UT 75, ¶ 71, 416 P.3d 401.
[47] *Id.* (quoting *Anderson Dev. Co. v. Tobias*, 2005 UT 36, ¶ 20, 116 P.3d 323).
[48] *Cf. Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (suggesting that it may be proper to remand to state court even when the plaintiff might be required to amend its complaint in state court).

## ORDER

For the forgoing reasons, the court DENIES Defendants' Motion to Dismiss and GRANTS Plaintiff's Motion to Remand.

Signed April 25, 2024.

BY THE COURT

David Barlow
United States District Judge